JOURNAL ENTRY AND OPINION
Defendant-appellant Kevin Lewis appeals from the trial court's finding that he is a sexual predator pursuant to R.C. Chap. 2950, also known as H.B. 180, and subject to the requirements of that legislation. Defendant's appeal raises numerous constitutional and other challenges to the new legislation. For the reasons hereinafter discussed, we find no error and affirm the trial court's finding.
Defendant was indicted on October 3, 1985 in CR-201848 and CR-202683 for one count of aggravated robbery (R.C. 2911.01), one count of rape (R.C. 2907.02) and one count of kidnapping (R.C.2905.01). Following a bench trial, defendant was found guilty of attempted rape, kidnapping and aggravated robbery and sentenced to two ten to twenty-five year terms and one eight to fifteen, all concurrent to each other.
Following enactment of H.B. 180, on August 27, 1998, the defendant was returned to the Common Pleas Court for a sexual predator hearing pursuant to the new Act. Defendant was represented by assigned counsel who filed a motion to dismiss the proceedings on the grounds that H.B. 180 was unconstitutional as anex post facto or retroactive law. These motions were denied by the trial court.
At the hearing, the State presented five exhibits: certified journal entries in Case Nos. CR-201848 and CR-202683, indicating that defendant was convicted of attempted rape and aggravated robbery (State's Ex. 1); a victim statement from Sandra Kizie Rex concerning the attempted rape conviction (State Ex. 2); a certified journal entry indicating that defendant was convicted of robbery on January 30, 1986 (State Ex. 3); a victim statement from Rochelle Davis concerning an abduction conviction (State Ex. 4); and a victim statement from Taisha Jackson concerning an abduction conviction (State Ex. 5).
The State discussed the ten factors of R.C. 2950.09 (B) (2) that the trial court should consider in reaching its decision of a sexual predator finding. The State argued that several factors applied to defendant such as: he had a prior criminal record; he was convicted of three cases of kidnapping, one of the cases being a sexually oriented offense; that the victims were all under the age of 21; that there were multiple victims on different occasions; that defendant had threatened cruelty in one of the cases; and that defendant had a pattern of abducting women. (Tr. 3-7).
Defense counsel presented three motions before the trial court seeking to dismiss the case based on constitutional grounds, to appoint a psychological expert and to apply the Rules of Evidence. The trial court overruled these motions. Defense counsel argued that the determinative factors did not apply to defendant, but presented no witnesses or exhibits. (Tr. 8)
The trial court reviewed the State's exhibits and heard the parties' arguments. The trial court explained why certain factors listed in R.C. 2950.09 (B) applied to defendant, to wit: that defendant had a prior criminal record involving three cases of either kidnapping or abduction of women; the victims were all under the age of 21; that the latest offense involved sexual activity with the victim; and that there was a demonstrated pattern of abuse.
The trial court found that the statutory factors B, C, H, I and J applied to defendant and there was a sufficient pattern to warrant a finding by clear and convincing evidence that defendant is a sexual predator pursuant to R.C. 2950.09 (B). (Tr. 10). Defendant was informed that when he got out of prison, he would have to register with the county sheriff within seven days and if he did not register, he could be charged with a crime for failure to register to all of which defendant expressed understanding.
Defendant's timely appeal to this Court followed. We will address defendant's assignments of error in the order asserted and together where it is appropriate for discussion.
 I. H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ART. I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ART. II, SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
At the time defendant filed his brief herein, the Ohio Supreme Court had not yet addressed the constitutionality of H.B. 180. Since then the Ohio Supreme Court has decided State v. Cook (1998),83 Ohio St.3d 404 which contains a helpful historical analysis and the legislative background of "Megan's Law," i.e., those class of cases in which sexual offenders are identified and obliged to register with public authorities from whom notification is sent to neighbors or other interested parties. The Cookdecision expressly addressed the constitutionality of H.B. 180 and found no ex postfacto or retractive infirmity in a constitutional sense in the new legislation. The Cook syllabus states as follows:
 R.C. 2950.09 (B) (1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution.
 R.C. 2950.09 (B) (1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I of the United States Constitution.
Given the Supreme Court's decision in Cook, we find no merit to defendant's ex post facto/retroactive constitutional arguments.
Defendant's Assignment of Error I is overruled.
The following assignments of error will be discussed together because they all relate to the identical constitutional issues recently addressed by this Court in reviewing H.B. 180.
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF "RIGHT TO CROSS EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. IS VOID FOR VAGUENESS [SIC] SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
 VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180 AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I. SEC. 10, OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I. SEC. 9, OF THE OHIO CONSTITUTION.
On January 28, 1999, this Court decided State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported, which addressed and overruled the identical constitutional issues raised by the foregoing assignments of error. We see no reason to depart from our Ward decision on the constitutional issues involved. We adopt the discussion contained in Ward on these constitutional issues and follow same in the disposition of the foregoing assignments of error.
Defendant's Assignments of Error II, IV, V, VI, VII, VIII, IX and X are overruled.
We will separately consider the remaining assignment of error which presents factual and evidentiary issues distinct from theWard case.
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
Defendant argues that there is a qualitative burden of proof on the State to establish by clear and convincing evidence that defendant is likely to commit future sexual offenses and that his "old conviction data" offered by the State was not sufficient to meet this burden. This argument goes to the sufficiency of the evidence. We adopt and incorporate by reference that portion of our Ward, decision which generally discusses the State's burden of proof and the factors the court shall take into consideration in reaching a sexual predator determination. See Ward, supra, at 8-15. However, since Ward's sexual predator classification was based on facts different from those presented in the case before us, we will separately address the trial court's finding that defendant is a sexual predator.
An offender is a sexual predator as defined by statute if he has been convicted of at least one sexually oriented offense and is found "likely" to commit another in the future. The determination that an offender is a sexual predator must be based on clear and convincing evidence. R.C. 2950.09 (B) (3). Thus, the law permits the adjudication of an individual as a sexual predator based solely upon one conviction for a sexual offense and consideration of the factors set forth in R.C. 2950.09 (B))2). Eight of the ten factors set forth in R.C. 2950.09 (B) (2) involve what may be considered "old conviction data," i.e., information available at the time of the original sentencing.
The court in State v. Ferris (Sept. 8, 1998), Warren App. No. CA98-03-035, unreported at 5, addressed this same argument and held that a finding that an offender is a sexual predator based on old conviction data is appropriate.
 Appellant argues that evidence of the facts underlying his previous convictions is not appropriate evidence to support a finding that he is a sexual predator because this evidence is not probative of his likelihood to commit sexual offenses in the future. However, this court has stated that "in determining an offender's propensity to commit future sex offenses, the trier of fact can use past behavior to gauge future propensity to commit crimes since past behavior is often an indicator of future violent tendencies." State v. Striley (December 29, 1997), Clermont App. No. CA97-05-046, unreported at 5, citing State v. Bartis (December 9, 1997), Franklin App. No. 97APA05-600, unreported. Likewise the United States Supreme Court has stated that "previous instances of violent behavior are an important indicator of future violent tendencies." Kansas v. Hendricks (1997), 117 S.Ct. 2072, 2080. See, also, State v. Naegele
(January 12, 1998), Clermont App. No. CA97-04-043, unreported.
Furthermore, the Supreme Court in Cook endorsed the use of such information when it stated that "reliable hearsay, such as a presentence investigation report, may be relied on by the trial judge" in making a sexual predator determination. Cook, supra, at 425; State v. Sovers, Sr. (March 11, 1999), Cuyahoga App. No. 72660, unreported at 11, 13; State v. Eppinger (March 11, 1999), Cuyahoga App. No. 72686, unreported at 12; State v. Hart (March 18, 1999), Cuyahoga App. No. 73307, unreported at 8; State v. Boyce
(March 11, 1999), Cuyahoga App. No. 73375, unreported at 8.
We find that there was sufficient, clear and convincing evidence to sustain the trial court's finding that defendant was a sexual predator. Defendant had a history of kidnapping and abducting women (ages 15, 17 and 21) on three separate occasions; he was engaged in sexual activity with the latest woman and threatened her and engaged in cruel conduct toward her all within a space of several months of the prior kidnap victims.
Defendant's Assignment of Error III is overruled.
Judgment affirmed.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATTON, J., and BLACKMON, J., CONCUR.
 ___________________________________ JAMES M. PORTER ADMINISTRATIVE JUDGE